AO 248 (Rev. 08/20) ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

UNITED STATES OF AMERICA

v.

JENNIFER ARLEN ROSAS-SAUCEDO

Case No. 16-196-CG-N-2

ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)

(COMPASSIONATE RELEASE)

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☐ GRANTED

☐ The defendant's previously imposed sentence of imprisonment of _____ is reduced to _____. If this sentence is less than the amount of time the defendant already served, the sentence is reduced to a time served; or

☐ Time served.

If the defendant's sentence is reduced to time served:

☐ This order is stayed for up to fourteen days, for the verification of the defendant's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure the defendant's safe release. The defendant shall be released as soon as a residence is verified,

a release plan is established, appropriate travel arrangements are made, and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended; or

☐ There being a verified residence and an appropriate release plan in place, this order is stayed for up to fourteen days to make appropriate travel arrangements and to ensure the defendant's safe release. The defendant shall be released as soon as appropriate travel arrangements are made and it is safe for the defendant to travel.  There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, then the parties shall immediately notify the court and show cause why the stay should be extended.

☐ The defendant must provide the complete address where the defendant will reside upon release to the probation office in the district where they will be released because it was not included in the motion for sentence reduction.

☐ Under 18 U.S.C. § 3582(c)(1)(A), the defendant is ordered to serve a "special term" of ☐ probation or ☐ supervised release of _____ months (not to exceed the unserved portion of the original term of imprisonment).

☐ The defendant's previously imposed conditions of supervised release apply to the "special term" of supervision; or

☐ The conditions of the "special term" of supervision are as follows:

☐ The defendant's previously imposed conditions of supervised release are unchanged.

☐ The defendant's previously imposed conditions of supervised release are modified as follows:

☐ DEFERRED pending supplemental briefing and/or a hearing. The court DIRECTS the United States Attorney to file a response on or before ____, along with all Bureau of Prisons records (medical, institutional, administrative) relevant to this motion.

☒ DENIED after complete review of the motion on the merits.

☒ FACTORS CONSIDERED (Optional)

Rosas-Saucedo has not established extraordinary and compelling reasons warranting her early release. While serious medical conditions have been identified by the Center for Disease Control ("CDC") as conditions which place a person at high-risk for severe illness from Covid-19, Rosas-Saucedo's alleged illness of severe migraine headaches is not one of the specified conditions. Additionally, Rosas-Saucedo's allegation that she is unable to receive treatment for her migraines as a result of Covid-19 are contradicted by her medical records. The Court has reviewed Rosas-Saucedo's medical records and understands Rosas-Saucedo's complaint to be that she is unable to receive *outside* medical treatment of Botox injections. However, her medical records show that her condition continues to be controlled by medical staff within FCI Dublin and her reply in support of the instant motion shows that efforts are being made to reschedule her outside appointments. Moreover, there is no medical evidence that due to her migraines, Rosas-Saucedo is unable to provide self-care while imprisoned. As such, Rosas-

Saucedo has not shown that her condition when considered in conjunction with the Covid-19 pandemic establishes extraordinary and compelling circumstances warranting her early release. However, assuming arguendo that Rosas-Saucedo has shown an extraordinary and compelling reason for compassionate release, a consideration of the § 3553 factors, does not compel the Court to release Rosas-Saucedo.  At the time of Rosas-Saucedo's sentencing, a consideration of the relevant § 3553 factors warranted a below the guidelines sentence of 80 months' imprisonment.  That sentence remains necessary today and early release would fail to reflect the seriousness of her offense, promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public.

☐ DENIED WITHOUT PREJUDICE because the defendant has not exhausted all administrative remedies as required in 18 U.S.C. § 3582(c)(1)(A), nor have 30 days lapsed since receipt of the defendant's request by the warden of the defendant's facility.

IT IS SO ORDERED.

Dated:

November 13, 2020     /s/ Callie V. S. Granade
                                         SENIOR UNITED STATES DISTRICT JUDGE